**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RAFAEL POLANCO and MONIQUE JOHNSON, individually and on behalf of all others similarly situated, and on behalf of the WPP Group USA, Inc. Savings and Investment Plan, <br><br> *Plaintiffs*, <br><br> v. <br><br> WPP GROUP USA, INC d/b/a/ WPP IT, and ADMINISTRATIVE AND INVESTMENT COMMITTEE OF THE SAVINGS AND INVESTMENT PLAN, <br><br><br> *Defendants*. | Case No. 1:24-cv-09548-JGK |

<u>**DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**</u>

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................... 1

ARGUMENT............................................................................................................................. 1

I.    The FAC contains no well-pled facts that raise a plausible inference of imprudent
      process.......................................................................................................................... 1

      A.  Plaintiffs' failure-to-investigate allegations fail to raise a plausible inference
          of imprudent process....................................................................................... 3

      B.  Plaintiffs' allegations about the timing of Forfeiture allocations fail to
          support an inference of imprudent process. .................................................... 5

II.   Plaintiffs' failure to monitor claim cannot survive. ........................................................ 7

III.  The FAC should be dismissed with prejudice. ................................................................ 7

CONCLUSION.......................................................................................................................... 8

# TABLE OF AUTHORITIES

Cases

*Buescher v. North Am. Lighting, Inc.*,
   791 F. Supp. 3d 873 (C.D. Ill. 2025) ................................................................................ 4, 5

*Cano v. Home Depot, Inc.*,
   No. 1:24-CV-03793-TRJ, 2025 WL 2589567 (N.D. Ga. Aug. 26, 2025) ................................ 4

*Donelson v. Meijer, Inc*.,
   No. 1:25-CV-1156, 2025 WL 3754241 (W.D. Mich. Dec. 29, 2025) ................................ 4, 6, 7

*Horoshko v. Citibank, N.A.*,
   373 F.3d 248 (2d Cir. 2004) ................................................................................................ 7

*Hutchins v. HP Inc.*,
   767 F. Supp. 3d 912 (N.D. Cal. 2025) ................................................................................ 5

*McGee v. McGready*,
   No. 16-CV-4187 (NSR), 2019 WL 6341290 n.4 (S.D.N.Y. Nov. 26, 2019) ........................... 7

*McManus v. Clorox Co.*,
   No. 23-CV-05325-YGR, 2025 WL 732087 (N.D. Cal. Mar. 3, 2025) .................................... 5

*Perez-Cruet v. Qualcomm Inc.*,
   No. 23-CV-1890-BEN (MMP), 2024 WL 2702207 (S.D. Cal. May 24, 2024) ........................ 5

*Rinehart v. Lehman Bros. Holdings Inc.*,
   817 F.3d 56 (2d Cir. 2016) .................................................................................................. 7

*Rodriguez v. Intuit, Inc.*,
   744 F. Supp. 3d 935 (N.D. Cal. 2024) ................................................................................ 5

*Sievert v. Knight-Swift Transp. Holdings, Inc.*,
   780 F. Supp. 3d 870 (D. Ariz. 2025) .................................................................................. 2

*Wright v. JPMorgan Chase & Co.*,
   No. 2:25-CV-00525-JLS-JC, 2025 WL 1683642 (C.D. Cal. June 13, 2025) ........................... 2

Other Authorities

*Wright v. JPMorgan Chase & Co.*,
   No. 25-4235, Dkt. 41.1 (9th Cir. Jan. 8, 2026) ................................................................ 2, 3

**INTRODUCTION**

In its Order granting Defendants' first motion to dismiss, the Court dismissed Plaintiffs' duty of loyalty claim with prejudice because the problems with that claim were structural and incurable. The Complaint (Dkt. 1) alleged that Defendants "plac[ed] WPP's interests above Plan participants['] in using forfeitures for WPP's benefit," but this theory was unactionable because the Plan document granted Defendants discretion to make the very decisions about which Plaintiffs complained, and Defendants had provided Plaintiffs "with their benefits due" throughout the putative class period. Dkt. 50 ("Order") at 21, 31. The Court also dismissed Plaintiffs' duty of prudence claim, premised on the same theory. However, the Court granted Plaintiffs leave to amend that claim so they could attempt to plead "specific," non-conclusory facts that would support an inference that Defendants "actually engaged in imprudent conduct," which is the ultimate issue in a duty of prudence claim. *Id*. at 23.

Plaintiffs' Opposition (Dkt. 58, "Opp.") and their First Amended Complaint (Dkt. 52, "FAC") confirm that Plaintiffs can plead no such facts, and the Court should dismiss this action in its entirety, with prejudice.

**ARGUMENT**

I.     **The FAC contains no well-pled facts that raise a plausible inference of imprudent process.**

Reduced to their core, Plaintiffs' FAC and Opposition propound a simple theory: Defendants must have breached their fiduciary duties because, year after year, Defendants decided to use Forfeitures[1] to offset future employer contributions, ensuring that employees' benefits were

---

[1] "Forfeiture(s)" has the same meaning here as in Defendants' Memorandum in Support of Motion to Dismiss. Dkt. 56 at 2.

paid and could continue into the future.  This Court has already held that a challenge to that core decision is not enough to plausibly allege a breach of fiduciary duty.  Order at 21, 23–24.  The Department of Labor ("DOL") agrees.  *Wright v. JPMorgan Chase & Co.*, No. 25-4235, Dkt. 41.1 ("DOL Amicus Brief") at 15 (9th Cir. Jan. 8, 2026) ("Plaintiff's bald statement that 'repeatedly' applying forfeitures to decrease future employer contributions . . . do[es] not 'move the needle' on his claim from 'speculative' to 'plausible.'") (citation omitted).  And for good reason—this Court, other courts, and the DOL all recognize that the fiduciary obligation is to ensure benefits are paid.  *See* Order at 11 (quoting *Sievert v. Knight-Swift Transp. Holdings, Inc.*, 780 F. Supp. 3d 870, 877 (D. Ariz. 2025)); *Wright v. JPMorgan Chase & Co.*, No. 2:25-CV-00525-JLS-JC, 2025 WL 1683642, at *5 (C.D. Cal. June 13, 2025) ("[T]here is no allegation that . . . any Plan participant did not receive the benefits they were promised."), *appeal docketed*, No. 25-4235 (9th Cir.); DOL Amicus Brief at 18 ("Protecting participants' contractually promised benefits . . . is ERISA's principal function.").  Merely attaching numbers (and incorrect ones, at that), as Plaintiffs do in their FAC and Opposition, does nothing to resuscitate their broken theory.  *See* FAC ¶ 66; Opp. at 1; Defendants' Memorandum in Support of Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. 56, "Motion to Dismiss" or "Mot.") at 5–6.

Without that failed theory, what is left of Plaintiffs' Opposition is a sideshow.  First, Plaintiffs make the speculative assertion that Forfeitures were unnecessary to fund benefits at the time the allocation decisions were made, concluding that Defendants therefore must have "failed to . . . undertake a prudent investigation."  Opp. at 10.  But that argument simply repackages Plaintiffs' already-dismissed theory and says nothing about fiduciary process.  Second, Plaintiffs make the baseless assertion that that Defendants' Forfeiture allocations were made too late.  This is similarly a non-starter, premised on a misrepresentation of the information contained in Form

5500s and having no basis in any applicable law.  As explained below, neither of Plaintiffs' arguments demonstrate that "[D]efendants' particular decisionmaking process in this case was imprudent," Order at 23, and the Court should dismiss the FAC, with prejudice.

### A.    Plaintiffs' failure-to-investigate allegations fail to raise a plausible inference of imprudent process.

Plaintiffs first argue that the FAC cures the deficiencies in the original Complaint by alleging that WPP had the financial ability to fund its employer contributions without the use of Forfeitures.  According to Plaintiffs, Defendants must have therefore acted imprudently because any fiduciary who "investigat[ed]" and followed "a prudent process would not [have] cho[sen]" to allocate Forfeitures to fund contributions that WPP could already afford.[2]  FAC ¶¶ 90, 103; *see* Opp. at 2–3.

But as Defendants' Motion to Dismiss explains, these allegations do nothing to change what the Court already held: the use of Forfeitures to offset employer contributions, instead of to reduce administrative expenses, is perfectly acceptable.  *See* Order at 10–13, 22 ("ERISA does not . . . create an exclusive duty to maximize pecuniary benefits.") (citation omitted); Mot. at 4.  The DOL fully agrees.  DOL Amicus Brief at 13–14 (rejecting as insufficient allegations that defendants improperly used forfeitures to reduce employer contributions "year after year").

Moreover, the allegations underpinning this argument are purely speculative.  Mot. at 4; *see, e.g.*, FAC ¶ 91 (speculating that "just like all other companies that have discretionary

---

[2] For context, the FAC alleges, for example, that WPP was "obligated" to make $79.7 million in matching and profit-sharing contributions in 2023, FAC ¶ 59, and allocated $11.2 million in Forfeitures toward those obligations, *id.* ¶ 66.  As of 2024, the Plan had $4.7 billion in assets under management.  *See* Dkt. No. 59-1, Notes to Financial Statements at 6.

Company Contribution provisions . . . WPP's decisions . . . were made without reference to the amount of Forfeited Plan Assets"); *id.* ¶ 103 (conclusorily alleging that "prudent fiduciaries following a prudent process would not choose to offset WPP's declared Company Contributions instead of reducing the Plan participants' Plan expenses"). The Opposition's only response is to regurgitate the same speculative allegations again. *See* Opp. at 2. The Court has already held that this is not enough to state a prudence claim. Order at 23 ("[P]lausibly alleging a failure to fulfill the duty of prudence still requires more than simply speculating that an ERISA fiduciary might not have conducted the requisite inquiry.").

Other courts have made light work of complaints containing these same allegations. In *Cano v. Home Depot, Inc.*, for example, plaintiff alleged, like Plaintiffs here, that defendant Home Depot breached its duty of prudence by failing to "investigate whether there was a risk that Home Depot would default on its matching contribution obligation if forfeitures were used to pay Plan expenses," instead of to offset employer contributions. No. 1:24-CV-03793-TRJ, 2025 WL 2589567, at *1 (N.D. Ga. Aug. 26, 2025), *appeal dismissed*, No. 25-13158-JJ, 2025 WL 3700579 (11th Cir. Dec. 1, 2025). The court gave no credence to those allegations, dismissing plaintiff's prudence and loyalty claims for the same reasons as this Court. *Compare Cano*, 2025 WL 2589567, at *4–6 *with* Order at 9–24. The court in *Donelson v. Meijer, Inc*. did the same. No. 1:25-CV-1156, 2025 WL 3754241, at *3 (W.D. Mich. Dec. 29, 2025).

Plaintiffs, of course, still cling to the one opinion that has gone their way on this point: *Buescher v. North Am. Lighting, Inc.*, 791 F. Supp. 3d 873 (C.D. Ill. 2025); Opp. at 16–17; *see Donelson*, 2025 WL 3754241, at *5 n.2 (identifying *Buescher* as an outlier). But as Defendants explained, Mot. at 7 n.6, *Buescher* conflicts with this Court's Order at every turn and is unpersuasive. *Compare, e.g.*, *Buescher*, 791 F. Supp. at 890–91 (denying motion to dismiss duty

4

of loyalty claim) *with* Order at 9–20 (granting motion to dismiss loyalty claim with prejudice).[3]

Nor are the *Rodriguez*, *Perez-Cruet*, or *McManus* cases cited in the Opposition persuasive for the

reasons already identified by the Court. *See* Opp. at 17–18; Order at 18–21.

Ultimately, the FAC's allegations about WPP's ability to fund matching contributions, and

Defendants' alleged failure to investigate that ability, do nothing to create a plausible inference of

imprudent process. At most, Plaintiffs' theory amounts to a contention that Defendants made the

wrong choice (amongst permissible choices allowed by the Plan in how to allocate Forfeitures)—

a contention this Court has already determined to be legally insufficient to state a claim. Order at

10–11, 21–22.[4] Accordingly, these allegations do nothing to salvage Plaintiffs' prudence claim.

### B.    Plaintiffs' allegations about the timing of Forfeiture allocations fail to support an inference of imprudent process.

Plaintiffs also argue that the FAC raises an inference of imprudent process by alleging that

Defendants failed to allocate Forfeitures for use by year end. These allegations do not plausibly

---

[3] *Buescher* also relies on *Rodriguez v. Intuit, Inc.*, 744 F. Supp. 3d 935 (N.D. Cal. 2024), *Perez-Cruet v. Qualcomm Inc.*, No. 23-CV-1890-BEN (MMP), 2024 WL 2702207 (S.D. Cal. May 24, 2024), and *McManus v. Clorox Co.*, No. 23-CV-05325-YGR, 2025 WL 732087 (N.D. Cal. Mar. 3, 2025). *See Buescher*, 791 F. Supp. 3d at 890. This Court explicitly found each of those cases "unpersuasive." Order at 18–21.

[4] Plaintiffs also insist that the FAC does not allege "a per se theory of liability," but rather that their theory is limited to "the circumstances described in the FAC." Opp. at 12, 19–20. But the circumstances alleged in the FAC still only amount to the same "categorical" theory that the Court already found insufficient. Order at 21–22; *see supra* at 2–5; *Hutchins v. HP Inc.*, 767 F. Supp.

allege a process failure, and they still fail to "connect . . . to [Plaintiffs'] theory of" breach. Mot. at 5–8; Order at 23; *see Donelson*, 2025 WL 3754241, at \*5 (dismissing prudence claim that contained the same timing allegations).

First, Plaintiffs' timing allegations are based entirely on a table that purports to derive its figures from a line in the Plan's Form 5500s showing unallocated forfeiture figures on a single day at year-end. *See* FAC ¶ 66. But Form 5500s provide only one snapshot in time. That limitation means they say nothing about how long any single dollar remained in the account, as Plaintiffs are contending. Mot. at 5. The Opposition's only response—other than relying on the unpersuasive *Buescher*—is to insist that Form 5500s *must* somehow capture more than a single snapshot in time because they are "not prepared contemporaneously with the close of the plan year" and instead are "typically filed many months later." Opp. at 23. That is a non-starter. As the 2024 Form 5500 attached as Exhibit 1 to Plaintiffs' Opposition shows, even though a Form 5500 is filed *after* year end (in the case of Exhibit 1, on November 17, 2025), it contains information only for the indicated Plan year (in the case of Exhibit 1, the 2024 calendar year). *See* Dkt. No. 59-1 at 2 (reporting information for the "calendar plan year . . . beginning 01/01/2024 and ending 12/31/2024"); *id.* at 5 (reporting forfeiture amounts "at December 31, 2024"); *see also* 2024 Instructions for Form 5500 at 1, https://www.dol.gov/sites/dolgov/files/ebsa/employers-and-advisers/plan-administration-and-compliance/reporting-and-filing/form-5500/2024-instructions.pdf ("Each Form 5500 must accurately reflect the characteristics and operations that applied *during the reporting year of the*

---

3d 912, 926–27 (N.D. Cal. 2025) ("[T]he same categorical rule implicit in Plaintiff's initial Complaint pervades the revised pleading.").

*plan*.") (emphasis added).    Plaintiffs' smoke and mirrors cannot convert Form 5500s into something they are not.

And even if Plaintiffs had plausibly alleged that some amounts of forfeitures were held unallocated for a period of time, there is no legal basis for Plaintiffs' assertion that "all Forfeited Plan assets" must be "exhausted by year end or shortly thereafter."  FAC ¶ 105; *see* Mot. at 6–8. Plaintiffs' Opposition cites no relevant authority (because there is none), and it provides no other reason to infer that Defendants acted unreasonably with respect to the timing of the allocation of Forfeitures.  *See Donelson*, 2025 WL 3754241, at *5 (dismissing same).  Thus, like Plaintiffs' failure-to-investigate allegations, Plaintiffs' timing allegations also fail to raise a plausible inference of imprudent process.

At bottom, Plaintiffs' Opposition confirms that the FAC should be dismissed for the same reason as the original Complaint: complaining that Defendants chose between two permissible uses of Forfeitures under the Plan is not enough to raise any plausible inference of breach of the duty of prudence, and this action should be dismissed in its entirety, with prejudice.

## II.    Plaintiffs' failure to monitor claim cannot survive.

Plaintiffs do not dispute that their failure to monitor claim must be dismissed if the underlying prudence claim is dismissed.  *See Rinehart v. Lehman Bros. Holdings Inc.*, 817 F.3d 56, 68 (2d Cir. 2016).  Because Plaintiffs' prudence claim fails, their monitoring claim must be dismissed too.

## III.    The FAC should be dismissed with prejudice.

Finally, Plaintiffs do not oppose Defendants' request that the Court dismiss this action with prejudice, nor do they request leave to amend their FAC or suggest what facts could be added to their complaint to make it viable.  *See McGee v. McGready*, No. 16-CV-4187 (NSR), 2019 WL 6341290, at *3 n.4 (S.D.N.Y. Nov. 26, 2019) ("It is well-settled that the failure to oppose an

7

argument raised in a motion to dismiss is deemed a concession of the argument."); *Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249 (2d Cir. 2004) (explaining that "[b]ecause amendment is not warranted absent some indication as to what [the plaintiff] might add to their complaint," district courts do not abuse their discretion by dismissing an action without giving leave to amend) (citation modified).  For these reasons, and the reasons stated in Defendants' Motion to Dismiss, dismissal with prejudice is proper.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss this action in its entirety, with prejudice.

Dated: January 12, 2026

By: */s/ William J. Delany*
William J. Delany*
Lars C. Golumbic*
Mark C. Nielsen
Theodore A. Van Beek*

GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Ave., NW
Washington, D.C., 20006
(T) 202-857-0620
(F) 202-659-4503
wdelany@groom.com
lgolumbic@groom.com
mnielsen@groom.com
tvanbeek@groom.com

*appearing *pro hac vice*

*Counsel for Defendants WPP Group USA, Inc. and the Administrative and Investment Committee of the Savings and Investment Plan*

8

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this brief contains 2,259 words, which complies with the word limit of L.R. 7.1(c) and Rule II.D of this Court's individual practices.

Dated: January 12, 2026                 By: /s/ *William J. Delany*
                                         William J. Delany